UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

          Plaintiff,               CRIMINAL NO. 12-20218

    v.                      HON. LAWRENCE P. ZATKOFF

D-4 TIMOTHY IVORY CARPENTER,

          Defendant.
_____/

## THE UNITED STATES' COMBINED RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT CARPENTER'S MOTION TO DISMISS THE INDICTMENT

The United States of America, through its undersigned counsel, responds as follows to defendant Timothy Carpenter's motion to dismiss the third superseding indictment.[1]

### Introduction

Carpenter is currently indicted on six counts of Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951, as an aider and abettor. (Counts 1, 3, 7, 9, 11 and 13). Additionally, because each robbery involved the use and brandishing of firearms, Carpenter is also charged with aiding and abetting others in Using or

---

[1] While Carpenter's motion specifically references the third superseding indictment, and a fourth superseding indictment has since been returned, the substantive arguments and case law applicable to the motion are unchanged by the newest indictment.

Carrying a Firearm During a Federal Crime of Violence in violation of 18 U.S.C. § 924(c).  (Counts 2, 4, 8, 10, 12 and 14).  Carpenter moves to dismiss all charges against him on the basis that the indictment does not allege that he "intentionally facilitated or encouraged the use of a firearm" distinct from aiding and abetting the underlying robbery. (Carpenter's Brief at 4-6).  However, as Carpenter acknowledges (Carpenter's Brief at 7), this is not the law of the Sixth Circuit.  Accordingly, Carpenter's motion should be denied.

## Discussion

Carpenter spends the first six pages of his brief discussing the law of other circuits.  Because this Court is bound by the law of the Sixth Circuit, however, the government will waste no time or space pondering what other circuits have done.  The Sixth Circuit has clearly and repeatedly held that, in order to establish a violation of section 924(c) as an aider and abettor, "the government must prove 'that the defendant as the accomplice, associated and participated in the use of the firearm in connection with the underlying . . . crime.'" *United States v. Gardner*, 488 F.3d 700, 712 (6th Cir. 2007)(quoting *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005). *See also Rattigan v. United States*, 151 F.3d 551, 558 (6th Cir. 1998)(aiding and abetting a violation of section 924(c) requires proof that "accomplice knows that the principal is armed and acts with the intent to assist or influence the commission of the

2

underlying predicate crime."); *United States v. Morrow*, 977 F.2d 222, 231 (6th Cir. 1992)(finding ample evidence to sustain defendant's conviction as an aider and abettor of section 924(c) where defendant knew his cohort carried a firearm and that the firearm facilitated a drug offense); *United States v. Moore*, 2011 WL 2518915 (E.D. Mich. 2011)(Edmunds, J.)(following *Gardner, Franklin* and *Rattigan*).  "The government can meet that burden by showing that the defendant both <u>knew that the [robber] was armed and acted with the intent to assist or influence the commission of the underlying predicate crime</u>." *Gardner*, 488 F.3d at 712 (emphasis added).

In this case the indictment alleges, and the government can prove, that Carpenter knowingly aided and abetted each robbery and that he acted knowingly in aiding and abetting each firearm count.  Each time, Carpenter's role was the same.  He was a leader, planner, recruiter of others, lookout and seller of the stolen cellular telephones.  The government will prove at trial that he aided and abetted each robbery knowing that the robbers were armed with firearms.  Nothing more is required in this circuit.

Carpenter also complains that the indictment does not allege that he intentionally facilitated or encouraged the use of a firearm.  (Carpenter's Brief at 9-10).  As stated above, however, the notion that the government must plead and prove that Carpenter specifically facilitated and encouraged the use of a firearm is contrary

to *Gardner*.  The indictment need not allege something the government is not required to prove.

Finally Carpenter argues that the allegations in the indictment are insufficient even under the law of the Sixth Circuit as expressed in *Gardner*.  (Carpenter's Brief at 10-11).  Carpenter complains that the indictment "merely tracks the language of the statute" and "does not provide Mr. Carpenter any information as to how he allegedly aided and abetted in the commission of the alleged robberies."  (*Id*. at 11).  The Sixth Circuit has held, however, that "[a]n indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all of the elements of the offense."  *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).  *See also United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007)(quoting *Landham* and affirming district court's refusal to dismiss indictment tracking statutory language).  "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Coss*, 677 F.3d 278, 287 (6th Cir. 2012)(quoting *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010).

The fourth superseding indictment easily meets the *Coss/Landham* standard. Each count of the indictment clearly states the date of the offense, the precise location of the offense, and the elements required to prove the offense by tracking the statutory language. Additionally, the indictment goes further than required under Sixth Circuit law by identifying Carpenter as an aider and abettor. "The Sixth Circuit has interpreted aiding and abetting as a theory of liability 'embodied in every federal indictment, whether specifically charged or not,' and not a distinct substantive crime. While all indictments must inform the defendant of the crime with which he or she is charged, [the Sixth Circuit has] long held that . . . 'an indictment need not specifically charge 'aiding and abetting' or 'causing' the commission of an offense against the United States, in order to support a jury verdict based upon a finding of either.'" *United States v. McGee*, 529 F.3d 691, 695 (6th Cir. 2008)(citations omitted). Carpenter's contention that the indictment must not only allege aiding and abetting, but also tell him "how he allegedly aided and abetted" (Carpenter's Brief at 11) thus makes no sense.

5

## Conclusion

For all of the foregoing reasons, Timothy Carpenter's motion to dismiss the indictment should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/Kenneth R. Chadwell
Kenneth R. Chadwell (P39121)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226
313-226-9698
ken.chadwell@usdoj.gov

Dated: July 18, 2013

6