UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CRIMINAL NO. 12-20218

        v.                        HON. LAWRENCE P. ZATKOFF

D-4 TIMOTHY IVORY CARPENTER,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 21st day of October, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant Timothy Ivory Carpenter's ("Carpenter")

Motion to Dismiss the Third Superseding Indictment (Docket #116).  The Government filed a

response brief.[1]  Carpenter did not file a reply.  The Court finds that the facts and legal

arguments pertinent to the motion are adequately presented in the parties' papers, and the

_____

[1]By the time the Government filed its response brief, the Government had filed a Fourth
Superseding Indictment.  In the Fourth Superseding Indictment, Carpenter is charged with an
additional four crimes.  Each of the new charges, however, is for a crime of the nature with
which he previously was charged.  Thus, the same substantive case law and arguments pertain to
the four new charges.  No additional charges have been filed against Carpenter since the
Government's response brief was filed.  Therefore, this Opinion addresses and governs all
charges the Government has filed against Carpenter in this case.

decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the papers submitted, without this Court entertaining oral arguments.  For the reasons that follow, Carpenter's motion is denied.

## II.  BACKGROUND

On July 10, 2013, the Grand Jury returned a Fourth Superseding Indictment ("Indictment") charging Timothy Carpenter with six counts of robbery affecting interstate commerce, in violation of 18 USC §1951 (Counts One, Three, Seven, Nine, Eleven and Thirteen), and four counts of aiding and abetting the use or carrying of a firearm during a federal crime of violence, in violation of 18 USC § 924(c) (Counts Two, Four, Eight, Ten, Twelve, and Fourteen).

The charges in the Indictment stem from a series of alleged robberies of four Radio Shack stores (on December 13, 2010, April 5, 2011, April 11, 2011, and December 1, 2012), and two T-Mobile stores (on December 18, 2010 and October 31, 2012).   In each of Counts One, Three, Seven, Nine, Eleven and Thirteen, Carpenter is alleged to have:

> knowingly and unlawfully took, and aided and abetted others in taking, personal property from the person or presence of another through actual and threatened force and violence and by causing the victims to have a fear of immediate injury to their person during the defendants' robbery of [the store] and thereby obstructed, delayed, and affected interstate commerce, in violation of [18 U.S.C.] § 1951(a).

In each of Counts Two, Four, Eight, Ten, Twelve and Fourteen, Carpenter is alleged to have:

> knowingly used and carried, and aided and abetted others in using and carrying, a
>
> firearm  during  and  in  relation  to  [a]  robbery  charged  in  [a  count  of  this

Indictment], during which a firearm was brandished, all in violation of [18 U.S.C.] § 924(c)(1).

## III.  ANALYSIS

Carpenter makes three arguments in support of his motion to dismiss the Indictment.

**A.      Absence of Allegation of Intentional Facilitation
or Encouragement under § 924(c)**

Carpenter first argues that the Indictment contains no allegation of intentional facilitation or encouragement of the use of a firearm.  Some circuits require direct proof that the defendant facilitated or encouraged the use of a firearm during the commission of the crime.  As Carpenter acknowledges, however, the Sixth Circuit does not require direct proof of facilitation or encouragement. *See United States v. Gardner*, 488 F.3d 700, 712 (6th Cir. 2007) ("the government must prove 'that the defendant as the accomplice, associated and participated in the use of the firearm in connection with the underlying ... crime.'") (quoting *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005)).  Though the U.S. Supreme Court has granted certiorari to resolve a circuit split on this issue, there is no governing U.S. Supreme Court law on the issue.  Therefore, this Court must apply the current law of the Sixth Circuit.  As such, Carpenter's motion must be denied as it relates to his argument that the Indictment does not allege intentional facilitation or encouragement of the use of a firearm.

**B.      Absence of Allegation that Carpenter Performed any Act
to Facilitate or Encourage the Use of a Firearm**

Carpenter next argues that the Government used only general and conclusory language to allege that he "knowingly used and carried" a firearm and there is no fact alleged that he ever

knowingly carried or used a firearm himself. Carpenter further states that, based on all the discovery produced by the Government, there is no evidence the Government could present that Carpenter ever "knowingly used and carried" a firearm at any point on any of the days of the alleged robberies.

Carpenter argues that the Indictment in this case "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell v. United States*, 369 U.S. 749, 765 (1963); *see also Hamling v. United States*, 418 U.S. 87, 117-18 (1974). Carpenter argues that the Indictment "contains no such statement of facts the [C]onstitution requires to sufficiently apprise Carpenter of the nature and circumstances of the alleged offense. Without such critical details, Carpenter is unable to adequately prepare and assist in his defense." Carpenter further argues that Rule 7 of the Federal Rules of Criminal Procedure and the Sixth Amendment require that an indictment give notice of each of these elements with a sufficient statement of facts to permit the defendant to prepare a defense at trial and for the court to rule on relevance and admissibility of evidence. *Russell*, 369 U.S. at 765. As such, Carpenter suggests that, under these circumstances, "[a] bill of particulars cannot cure a legal deficiency; rather the proper result is dismissal of the indictment." *United States v. Superior Growers Supply Inc*., 982 F.2d 173, 177 (6th Cir. 1992).

The Court finds that the Indictment satisfies the demands of the Sixth Circuit and U.S. Supreme Court. There is no requirement that the Government set forth the factual predicate for a charge in the Indictment; rather, as the Sixth Circuit has held, "[a]n indictment is usually sufficient if it states the offense using the words of the statute itself, as long as the statute fully

and unambiguously states all of the elements of the offense." *See United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001); *United States v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007)(affirming district court's refusal to dismiss an indictment that tracked the statutory language). In this case, each count states: (1) the date of the alleged offense, (2) the address and type of store that was allegedly robbed, and (3) the elements of the charged crime, all of which are set forth in the statute, by tracking the statutory language. Although the Government will have to prove at trial that Carpenter: (a) "used and carried" a firearm, or (b) encouraged or facilitated the use or carrying of a firearm by others, in order to convict Carpenter of a particular charge, the Government has no obligation to set forth in the Indictment how it will do so. Accordingly, the Court denies Carpenter's motion to dismiss the Indictment based on this argument.

**C. Allegations that Carpenter Aided and Abetted Violations of 18 U.S.C. §§ 1951 and 924(c)**

Finally, Carpenter argues that "the Indictment does not provide [him] any information as to how he allegedly aided and abetted in the commission" of the alleged robberies charged in Counts One, Three, Seven, Nine, Eleven and Thirteen and, therefore, must be dismissed. And, Carpenter argues, as the Indictment fails to allege that he aided and abetted in the commission of the predicate "crime of violence," the charges pursuant to 18 U.S.C. § 924(c) (Counts Two, Four, Eight, Ten, Twelve, and Fourteen) also must be dropped. As set forth in Section III.B., however, the Government satisfied its burden in the preparation of the Indictment; there was no obligation to provide Carpenter with information as to how Carpenter aided and abetted in the commission of the robberies. Moreover, the Government specifically charged Carpenter with aiding and abetting, even though the Sixth Circuit has held that an "an indictment need not specifically

charge 'aiding and abetting' or 'causing' the commission of an offense...in order to support a jury verdict based upon a finding of either. *United States v. McGee*, 529F.3d 691, 695 (6th Cir. 2008) (citations omitted).

Accordingly, the Court holds that Carpenter's argument that the Government did not sufficiently allege that he aided and abetted with respect to the crimes charged lacks merit.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Carpenter's Motion to Dismiss the Third Superseding Indictment (Docket #116).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 21, 2013