**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TIMOTHY MICHAEL SANDERS,

      Defendant.

_____/

Case No. 12-cr-20218
Hon. Sean Cox

## DEFENDANT TIMOTHY SANDERS' MOTION IN LIMINE TO EXCLUDE CERTAIN SPECIFIED EVIDENCE AND COMBINED BRIEF

NOW COMES Defendant Timothy Sanders, by and through his attorney, S. Allen Early, and hereby moves to exclude certain specified items identified below for the reason that the items are either highly prejudicial, constitute prohibited Rule 404(b) acts, or violate Bruton.  In support of this Motion Defendant states as follows:

1.      Defendant is charged with two counts of robbery and two counts of aiding and abetting a Section 924(c) gun brandishing charge in violation of 18 U.S.C. §§ 1951 and 924(c).  Counts 5 and 6 relate to a Detroit robbery and gun charge.  Counts 7 and 8 relate to a Warren, Ohio robbery and gun charge.  The remaining 10 counts of the 14 count indictment charge the co-defendant at trial, Timothy Carpenter, with other robberies and gun charges in Detroit.

2.      Rule 401 and 402, Federal Rules of Evidence, require that evidence be relevant, irrelevant evidence is inadmissible.  Rule 403, Federal Rules of Evidence, excludes evidence where prejudice outweighs probative value.  Bruton v United States, 391 U.S. 123 (1968), precludes introduction of a non-testifying co-defendant's statements which implicate Defendant in a joint trial.

1

3.      Defendant Sanders seeks to exclude the following evidence as irrelevant under Rules 401 and 402.  The evidence is also highly prejudicial under Rule 403 and constitutes other crime evidence under Rule 404(b).

a.      Murder conviction of Defendant Sanders in state court.  Defendant was convicted of a murder in state court in 2012 where, upon information and belief, the actual killer was co-defendant Timothy Carpenter (who is also Mr. Sanders' brother).  Upon information and belief, Mr. Carpenter threatened the witnesses to the murder, resulting in Mr. Sanders' wrongful conviction.  This issue is important *because some of the witnesses know about or witnessed the murder and the fact that Carpenter is the real killer.  Thus, Defendant Carpenter seeks to prevent all witnesses from purposely or inadvertently testifying about the murder conviction or incident which is not related to the charged crimes in the indictment*.

b.      Counsel has consulted with AUSA Chadwell pursuant to Local Rule 7.1 and the government has indicated it will not seek to introduce such evidence.  However, a warning from the Court to witnesses would be helpful.

4.      Defendant Sanders seeks to exclude the following evidence as highly prejudicial under Rule 403, and in violation of Rule 404(b):

a.      Evidence of complicity by Defendant Sanders in robberies with which Defendant Sanders is not charged.  Before 404(b) evidence is admitted, a district court must apply a three-step analysis.  See United States v Johnson, 27 F.3 1186, 1190 (6th Cir. 1994), cert. denied, 513 U.S. 1115, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995).  A party seeking to admit 404(b) evidence must first demonstrate that the claimed bad act(s) occurred.  Id.  The offering party must then cite a specific purpose for

which the evidence is submitted, and the trial court must then determine whether the probative value of the identified purpose outweighs the risk of unfair prejudice.  Id.  A party seeking admission of "other acts" evidence must, therefore, show the evidence is probative of a material issue other than character.  See Huddleston v U.S., 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988).  Here, the 404(b) evidence is only probative of character.  Moreover, the government likely cannot prove the bad acts occurred (in a hearing outside the jury) because Defendant was not indicted for these other robberies or bad acts.

b.      Counsel has spoken with Mr. Chadwell regarding the other robberies issue and the government has indicated it will not attempt to introduce other robbery evidence.  However, a warning from the Court to witnesses would be helpful.

c.      Cell data records for cell phone (313) 579-8507 for dates other than January 7, 2011 (the Ohio robbery charged in Counts 5 and 6) and March 4, 2011 (the Detroit robbery charged in Counts 7 and 8).  The government claims that Mr. Sanders was the user of cell phone number (313) 579-8507 and purportedly will introduce testimony to that effect.  Mr. Sanders is not charged with robberies on other dates. Thus, any cell data records for (313) 579-8507 introduced as a part of evidence for robberies in other time periods will prejudice Defendant.  The jury will think that Defendant committed the charged robberies because his purported cell phone number shows up in connection with other robberies.  For example the data sheets contain various called and calling numbers.   The cell phone number attributed to Defendant does show up in the data logs on dates of other robberies.   Defendant is thus

3

requesting that cell phone number (313) 579-8507 be deleted from all cell phone data except for the 2 dates where Defendant is charged with robbery.

d. Counsel has left a message for AUSA Chadwell regarding this issue but has not yet received a response as to whether he opposes this relief.

5. Other Rule 404(b) evidence. The government has not given notice to the defense about any other Rule 404(b) evidence and thus same should be excluded.

6. Highly prejudicial photos and Michael Green letter. A copy of the photos and letter will be provided to the Court when a hard copy of this motion is delivered to chambers. Defendant objects to the photos and letter (proposed government exhibits 1-7) for the reason that they are irrelevant to Defendant Sanders and highly prejudicial.

a. Photos. None of the photos depict Defendant Sanders. Nor do the photos, to the best of counsel's knowledge, depict anyone who participated in any robbery with which Defendant is charged. Nor is there any date on the photos to pinpoint proximity to the charged robberies against Defendant. Even if the photos are proximate in time, there is no proof that Defendant has any knowledge about the photos or that Defendant knows the persons depicted in the photos. Thus, the photos are irrelevant to defendant under Rules 401 and 402. The pictures are obviously highly prejudicial to Defendant where individuals are depicted holding guns and wads of money.

b. Michael Green Letter. This letter states that Green is scared because he has cooperated with the government and he wants the government to protect him in prison and keep his co-defendants away from him. The letter goes on to state that Timothy Sanders is being transferred to the same prison where Green is

4

housed and Green is fearful of that happening. This letter is highly prejudicial and speculates that something may happen to Green in the future or that Defendant might do something in the future to Green. Defendant Sanders has never had any contact with Michael Green in prison.

c. Counsel has requested concurrence in the relief sought herein but has not yet heard from Mr. Chadwell.

d. Even if the photos and/or letter are admissible against the co-defendant, the jury should be specifically instructed at every opportunity that the photos are not evidence against Timothy Sanders.

7. <u>Bruton statements</u>. Co-defendant Carpenter debriefed with the government and made a statement incriminating Defendant Sanders in the Ohio robbery. Such a statement of a non-testifying co-defendant is inadmissible under <u>Bruton</u> v <u>United States</u>, 391 U.S. 123 (1968). In <u>Bruton</u>, the Supreme Court held that a defendant's Sixth Amendment right to confront witnesses against him is violated when the statement of a non-testifying co-defendant implicating the Defendant is admitted in the joint trial of both defendants. 391 U.S. at 137. Mr. Chadwell has informed counsel that he does not intend to introduce this statement in his case in chief.

8. Defendant Sanders does hereby join in any motions in limine filed by co-defendant Carpenter to the extent that such motions are applicable to Defendant Sanders.

WHEREFORE, for all the above reasons Defendant does respectfully request that the Court grant this motion in limine.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

 /s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant Sanders
65 Cadillac Square, Suite 2810
Detroit, MI 48226
(313) 962-2320

Date: November 22, 2013

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2013, that the foregoing document was electronically filed this date and served electronically.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY


/s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant Sanders
65 Cadillac Square, Suite 2810
Detroit, MI 48226
(313) 962-2320

Date: November 22, 2013