UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

               Plaintiff,               CRIMINAL NO. 12-20218

     v.                        HON. SEAN F. COX

TIMOTHY IVORY CARPENTER and
TIMOTHY MICHAEL SANDERS,

               Defendants.
_____/

## THE UNITED STATES' TRIAL BRIEF

The United States of America, through its undersigned counsel, submits the following brief addressing relevant issues which may arise during trial.

### Introduction

Defendant Timothy Carpenter is currently indicted on six counts of Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951, as an aider and abettor. (Counts 1, 3, 7, 9, 11 and 13). Additionally, because each robbery involved the use and brandishing of firearms, Carpenter is also charged with aiding and abetting others in Using or Carrying a Firearm During a Federal Crime of Violence in violation of 18 U.S.C. § 924(c). (Counts 2, 4, 8, 10, 12 and 14). Carpenter's half-brother, Timothy Sanders, is indicted on two robbery counts (counts 5 and 7)

and two attendant firearm counts (counts 6 and 8), also as an aider and abettor.   The

robberies all involved cellular telephone stores and occurred between December 13,

2010 and December 1, 2012.   The government does not contend that Carpenter or

Sanders entered the stores during the robberies.   Rather, these defendants acted as

lookouts, getaway drivers, planners and the like.   One of the robberies occurred in

Warren, Ohio.   The other six robberies occurred in the metropolitan Detroit area:

Eastpointe, Highland Park, and Detroit.   Much of the government's proofs will

involve cooperating defendants who have pleaded guilty and agreed to provide

truthful testimony:   Michael Green, Earnest Holt, Juston Young, Adriane Foster,

Jesse Dismukes, Patrick Heard, Sedric Bell-Gill, David Holland, Jesse Dismukes,

and Timothy Jones.   Defendant Jones is the half-brother of Carpenter and Sanders.

### Discussion

A.   <u>Aiding and Abetting a Violation of 18 U.S.C. § 924(c)</u>

Timothy Carpenter previously moved to dismiss the firearm counts claiming that

the government must plead and prove he intentionally facilitated or encouraged the

use of a firearm.   Judge Zatkoff properly denied that motion in a written opinion

based on the established law of this circuit.   (Doc. No. 181).   The Sixth Circuit has

clearly and repeatedly held that, in order to establish a violation of section 924(c) as

an aider and abettor, "the government must prove 'that the defendant as the

accomplice, associated and participated in the use of the firearm in connection with the underlying . . . crime.'" *United States v. Gardner*, 488 F.3d 700, 712 (6th Cir. 2007)(quoting *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005). *See also Rattigan v. United States*, 151 F.3d 551, 558 (6th Cir. 1998)(aiding and abetting a violation of section 924(c) requires proof that "accomplice knows that the principal is armed and acts with the intent to assist or influence the commission of the underlying predicate crime."); *United States v. Morrow*, 977 F.2d 222, 231 (6th Cir. 1992)(finding ample evidence to sustain defendant's conviction as an aider and abettor of section 924(c) where defendant knew his cohort carried a firearm and that the firearm facilitated a drug offense); *United States v. Moore*, 2011 WL 2518915 (E.D. Mich. 2011)(Edmunds, J.)(following *Gardner, Franklin* and *Rattigan*). "The government can meet that burden by showing that the defendant both <u>knew that the [robber] was armed and acted with the intent to assist or influence the commission of the underlying predicate crime</u>." *Gardner*, 488 F.3d at 712 (emphasis added).

In this case the indictment alleges, and the government can prove, that Carpenter and Sanders knowingly aided and abetted each robbery and that they acted knowingly in aiding and abetting each firearm count with which they are charged. The government will prove at trial that Carpenter and Sanders aided and abetted each robbery, with which they are charged, knowing that the robbers were armed

3

with firearms.   Nothing more is required in this circuit.

B.   <u>Venue</u>

All of the charged robberies occurred completely within the Eastern District of Michigan except the March 4, 2011 robbery of Radio Shack in Warren, Ohio (counts 7 and 8).   Venue for this robbery lays both within the Eastern District of Michigan and the Northern District of Ohio because the crime began in the Eastern District of Michigan, continued in the Northern District of Ohio and was completed in the Eastern District of Michigan.   Additionally, the defendants travelled across state lines to commit the robbery.   Defendants Carpenter and Sanders, and their co-conspirators, travelled from the Eastern District of Michigan for purposes of carrying out an armed robbery, committed the armed robbery, and then returned to the Eastern District of Michigan with the proceeds of the robbery. Title 18, Unites States Code, Section 3237(a) provides as follows:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.   Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . . moves.

The government must prove that venue is proper by a preponderance of the evidence. *United States v. Beddow*, 957 F.2d 1330, 1335 (6th Cir. 1992). The Sixth Circuit determines proper venue under "a substantial contacts rule that takes into account a number of factors – the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate fact finding . . . ." *Id*. (quoting *United States v. Williams*, 788 F.2d 1213, 1215 (6th Cir. 1986)). In this instance, defendants Carpenter and Sanders acted in both districts to plan, initiate, complete and continue the crime, as well as to affect their escape and conceal and dispose of the robbery proceeds. The Eastern District of Michigan is the preferable district for accurate fact finding, especially given that the Warren, Ohio robbery was part of a series of robberies mostly committed in the Eastern District of Michigan involving all Michigan residents as perpetrators. The effect of their criminal conduct on interstate commerce, an essential element of the offense, was continuing after the robbery was complete and felt in multiple jurisdictions including the Eastern District of Michigan. In *Beddow*, the Sixth Circuit gave two examples from other circuits illustrating the minimum contacts analysis: 1) venue was found proper on a charge of transporting currency out of the country without proper disclosure in Pennsylvania because defendant flew from Pennsylvania to Miami prior to leaving the country from Miami; and 2) venue was found proper in Florida for making false statements to a bank in New York

because the offense was initiated in Florida. It is clear under *Beddow* that the government will be able to establish proper venue for the Warren, Ohio robbery under the minimum contacts analysis and 18 U.S.C. § 3237(a).

## Conclusion

The government is aware that defense counsel will be filing several motions *in limine.* Accordingly, additional briefing will be necessary to respond to those motions in advance of trial.

Respectfully Submitted,

BARBARA McQUADE
United States Attorney

/s Kenneth R. Chadwell
KENNETH R. CHADWELL P39121
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9698
ken.chadwell@usdoj.gov

Dated: November 22, 2013