UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
PLAINTIFF,

CASE #: 12-20218

vs.

HON.  SEAN F. COX

TIMOTHY IVORY CARPENTER
DEFENDANT.

| | |
|---|---|
| AUSA Kenneth R. Chadwell (P39121) | Harold Gurewitz (P14468) |
| U.S. Attorney's Office | Counsel for Defendant |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1400 |
| (313) 226-9698 | Detroit, MI 48226 |
| | (313) 628-4733 |

## DEFENDANT TIMOTHY CARPENTER'S MOTION FOR MISTRIAL

Now comes Defendant Timothy Carpenter by his attorney, Harold Gurewitz, and

respectfully requests that this Court grant this motion for a mistrial. For his reasons, Defendant

Carpenter relies on the attached brief in support.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:    s/Harold Gurewitz
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com

Date:December 10, 2013      Attorney Bar Number:  14468

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**
 **PLAINTIFF,**

**vs.**

**CASE #: 12-20218**

**HON. SEAN F. COX**

**TIMOTHY IVORY CARPENTER**
 **DEFENDANT.**

| | |
|---|---|
| AUSA Kenneth R. Chadwell (P39121) | Harold Gurewitz (P14468) |
| U.S. Attorney's Office | Counsel for Defendant |
| 211 W. Fort Street, Suite 2001 | Gurewitz & Raben, PLC |
| Detroit, MI 48226 | 333 W. Fort Street, Suite 1400 |
| (313) 226-9698 | Detroit, MI 48226 |
| | (313) 628-4733 |

**BRIEF IN SUPPORT OF DEFENDANT TIMOTHY CARPENTER'S MOTION FOR MISTRIAL**

**I.      INTRODUCTION**

Defendant Timothy Carpenter requests that this Court enter an order declaring a mistrial because of the prejudicial conflict between defense theories which became apparent, for the first time, during the testimony of former co-defendant Adriane Foster on December 10, 2013. A mistrial is necessary to protect Defendant Carpenter's right to a fair trial because Defendant Carpenter and his co-defendant Timothy Sanders positions are antagonistic and irreconcilable.

**II.      STATEMENT OF FACTS**

On December 10, 2013, this Court heard the testimony of Government witness and former co-defendant Adriane Foster.

The testimony relevant to this motion concerns the statements made by Foster in an interview with SA Vicente Ruiz on February 5, 2013. (Exhibit A, Interview of Adriane Foster,

-1-

2/5/13).[1] According to that interview, Foster told SA Ruiz about the robbery that occurred at a Radio Shack in Warren, Ohio. (Exhibit A, p. 2). According to Foster, he "believed that they were going to Ohio to hang out with" a man named "James." (Id, p. 2). However, "once on the way to Ohio, Timothy Sanders aka 'Big Tim,' started to reveal his plan to rob a store." (Id, p 2). This was the only time, prior to trial, that Foster provided information regarding the robbery of the store in Ohio recorded in an FBI 302 disclosed to the defendants in discovery.

During direct examination and contrary to his previous statement on February 5, 2013, Foster testified that he was contacted by Timothy Carpenter and asked to participate in a robbery in Warren, Ohio. Foster agreed to participate in the robbery and stated that he knew that they were going to commit a robbery before they left Michigan. According to Foster, Timothy Carpenter planned the robbery, gave everyone instructions on how to commit the robbery, and had everything set up in Ohio. Foster also testified, contrary to his previous statement, that Timothy Sanders didn't want anything to do with the robbery and would not allow the group committing the robbery to use his van.

During cross-examination, counsel for Mr. Carpenter attempted to confront Foster regarding his previous inconsistent statement regarding the planning of the robbery of the Radio Shack in Warren, Ohio. However, after attempting to refresh Foster's recollection of his previous statement to Agent Ruiz, counsel was only permitted to ask Foster if he previously told the FBI that Timothy Sanders, not Timothy Carpenter, planned the robbery. Foster, contrary to his previous statement, said he did not.

Following questioning by Mr. Carpenter's counsel, Defendant Sanders' attorney

---

[1] Filed separately, under seal

questioned Foster about the truthfulness of his statements on direct examination and vigorously

attempted to emphasize that those statements were true. To accomplish this, counsel for

Defendant Sanders had Foster directly address the jury and "swear on his children" and the Bible

that his statement that Timothy Sanders did not plan the robbery and that it was Timothy

Carpenter, not his client, who was the one who planned the robbery. Counsel for Timothy

Sanders also suggested to Foster that he would not risk the possibility of 200 years in jail to lie

about what he had stated on direct and Foster agreed.

Prior to the testimony of Foster, on direct examination, this mutually exclusive and

antagonistic defenses of Timothy Carpenter and Timothy Sanders was not apparent.

## III.    DISCUSSION

Defendant Timothy Carpenter requests that this Court enter an order declaring a mistrial

because of the mutually exclusive and antagonistic positions between himself and his co-

defendant Timothy Sanders.

Federal Rule of Criminal Procedure 14(a) provides that "if the joinder of offenses or

defendants in an indictment, an information, or a consolidation for trial appears to prejudice a

defendant or the government, the court may order separate trials of counts, sever the defendants'

trials, or provide any other relief that justice requires." A motion to sever may be brought at any

stage of the trial where prejudice appears. *Schaffer v. United States*, 362 US 511, 515 (1960); *see*

*also United States v. Sandini*, 888 F2d 300, 305 (3rd Cir. 1989) cert denied 494 US 1089 (1990).

Here, the mutually exclusive and antagonistic position concerning the Warren, Ohio robbery

between himself and his co-defendant Timothy Sanders only became apparent after the

testimony of former co-defendant Adriane Foster on direct examination.

Among grounds for severance are (1) a codefendant's antagonistic or inconsistent defenses, *see United States v. Breinig*, 70 F3d 50, 52-853 (6th Cir. 1995) (trial court abused discretion in denying defendant's motion to sever where co-defendant's defense was antagonistic); and (2) antagonistic conduct by a codefendant's attorney. See *United States v. Odom*, 888 F2d 1014, 1018 (4th Cir. 1989) (severance after two days of trial proper were one co-defendant was attempting to place blame on the other).  Furthermore, "[t]he taking of an adversarial stance on the part of a co-defendant's counsel may generate trial conditions so prejudicial to the defendant under multiple attacks as to deny him a fair trial." *Id* at 1018, citing *United States v. DeVeau*, 734 F2d 1023, 1027 (5th Cir. 1984).

In the present case, the defendants have mutually exclusive and antagonistic defenses relating to the robbery of a Radio Shack in Warren, Ohio on March 4, 2011. This robbery is charged in Counts 7 and 8 of the Indictment. Prior to the testimony of Adriane Foster, the conflict between these defendants was not apparent because Foster, in his only statement made to law enforcement and until his testimony on direct examination, maintained that Timothy Sanders, not Timothy Carpenter planned the robbery of the store in Ohio. Foster also added, contrary to his previous statement, that Sanders did not want to play any part in the robbery. It was at this time that counsel for Defendant Carpenter attempted to impeach Foster with his previous statement that it was Timothy Sanders who planned the robbery in Ohio. Counsel for Defendant Sanders then took the position that the statements of Foster, on direct examination, were true. This conflict is highly prejudicial and mutually exclusive.

To add to this conflict, counsel for Defendant Sanders took additional steps to place the blame on Timothy Carpenter by emotionally appealing to the jury, asking Foster to address the

jury and "swear on his children" that his testimony was true and that it was Timothy Carpenter, not Sanders, who planned the robbery. These statements prejudicially affected Defendant Carpenter's right to a fair trial. Therefore, Timothy Carpenter requests that this Court declare a mistrial.

## IV.   CONCLUSION

For the reasons stated, Defendant Timothy Carpenter requests that this Court enter an order declaring a mistrial.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

By:    s/Harold Gurewitz
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
Email:  hgurewitz@grplc.com
Date:December 10, 2013          Attorney Bar Number:  14468

### CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com