UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            CRIMINAL NO. 12-20218

     Plaintiff,

v.            HON. SEAN F. COX

D-4 TIMOTHY IVORY CARPENTER, and
D-5 TIMOTHY MICHAEL SANDERS,

     Defendants.

---

**THE UNITED STATES' COMBINED RESPONSE AND BRIEF
IN OPPOSITION TO DEFENDANTS' MOTIONS
FOR SEVERANCE AND MISTRIAL**

---

Timothy Carpenter and Timothy Sanders are being tried jointly on charges of Robbery Affecting Interstate Commerce, Aiding and Abetting, in violation of 18 U.S.C. § 1951 and Using or Carrying a Firearm During a Federal Crime of Violence, Aiding and Abetting, in violation of 18 U.S.C. § 924(c). The only charges shared by both defendants are counts five and six (the March 4, 2011 robbery in Warren, Ohio). Both defendants, who are brothers, have been coordinating their defense throughout the trial

from jury selection, through opening statement, cross-examination of witnesses, sharing of a defense expert, sharing discovery materials, agreement in jury instructions, joining motions and closing argument.   Neither defendant elected to take the stand and, accordingly, neither defendant criminally implicated the other defendant.   While the government has not yet heard the defense closing arguments, they could be summarized as follows:   the government's witnesses are criminals who have made deals and therefore cannot be believed.

The only mild conflict between defendants occurred during the cross-examination of government witness, Adriane Foster.   Defendant Carpenter asked the single question:   is it true that you previously stated that it was Timothy Sanders who planned the March 4, 2011 robbery and not Carpenter, to which the answer was "no."

Based upon this single question to this single witness about this single event, which resulted in an answer that did not implicate co-defendant Sanders, Sanders has sought a mid-trial severance orally and in writing as well as a mistrial.   (Doc. # 236). Carpenter has also moved for a mistrial and a severance from Sanders.   (Doc. # 229). Such a motion for severance should be granted only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."   *United States v.*

2

*Delgado*, 350 F.3d 520, 526 (6th Cir. 2003).   "Even when different defendants plan inconsistent defenses, the defendant must show that the jury will be misled or confused."   *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980).   Juries are "presumed" able to follow the Court's instructions to consider each defendant and each charge separately.   *United States v. Sherlin*, 67 F.3d 1208, 1216 (6th Cir. 1995).

The limited conflict in defense strategies that occurred during trial did not deprive either defendant of a specific trial right and is unlikely to mislead or confuse the jury.   As defendants acknowledge in their briefs, the granting of a mistrial is within the sound discretion of this Court and reviewable on appeal only for an abuse of discretion. This Court should not exercise its discretion to grant a mistrial or a severance because both defendants received a fair trial in which all of their trial rights were afforded them. The net effect of the cross-examination of Adriane Foster will be to undercut his credibility to the detriment of the government's case and possibly cause the jury not to believe anything Foster has said about either Carpenter or Sanders.   Causing Green to call Foster a liar on the stand will only further serve to undercut Foster on the March 4, 2011 robbery as well as other robberies implicating Carpenter to which he is a witness (April 5, 2011, October 31, 2012 and December 1, 2012).   The government also notes that Carpenter did not choose to call Special Agent Vicente Ruiz to the stand to contradict Foster's testimony that Foster had in fact previously stated that Sanders, and

3

not Carpenter, planned the March 4, 2011 robbery. Nor did either defendant choose to take the stand and refute this testimony. It is obvious that both defendants realize they have benefitted from the Adriane Foster exchange.

### Conclusion

For all of the foregoing reasons, Timothy Carpenter's and Timothy Sanders' motions for severance and for a mistrial should be denied.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

s/Kenneth R. Chadwell
Kenneth R. Chadwell (P39121)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
313-226-9698
ken.chadwell@usdoj.gov

Dated: December 16, 2013

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 16, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following via electronic mail:

Harold Z. Gurewitz, Esq.
S. Allen Early, Esq.

s/Kenneth R. Chadwell
Kenneth R. Chadwell (P39121)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan    48226
313-226-9698
ken.chadwell@usdoj.gov

5