UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                         Criminal Case No. 12-20218

Timothy Ivory Carpenter D-4 and          Honorable Sean F. Cox
Timothy Michael Sanders D-11,

      Defendants.
_____/

**OPINION & ORDER**
**DENYING DEFENDANTS' MOTIONS FOR MISTRIAL**

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Timothy Carpenter ("Carpenter") and Timothy Sanders ("Sanders") proceeded to a joint jury trial. During trial, both Defendants filed motions asking this Court to declare a mistrial. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court shall DENY both of the motions.

**BACKGROUND**

In this action, multiple Defendants were charged with various counts stemming from a series of robberies at cellular telephone stores. Defendants Carpenter and Sanders, who are half-brothers, proceeded to a joint jury trial.

The Government does not contend that either Carpenter or Sanders entered the stores

during the robberies. Rather, it contends that they acted as lookouts, getaway drivers, planners and the like.  One of the robberies occurred in Warren, Ohio, while the other six robberies occurred in the Metropolitan Detroit area.

The robbery that occurred in Warren, Ohio is the robbery that is charged in Count Seven of the Fourth Superceding Indictment and both Defendants are charged in Count Seven.  Thus, the Government seeks to prove that Carpenter and Sanders were both involved with the robbery that occurred in Warren, Ohio.

Prior to trial, this Court issued an "Order Regarding Motions" (Docket Entry No. 220) wherein it ordered "that **any and all motions must be formally made IN WRITING and filed with the Court**."  (emphasis in original).

Trial in this matter commenced on December 5, 2013.  Notably, neither Carpenter nor Sanders filed a motion for severance prior to trial.

On December 10, 2013, the Government called Adriane Foster ("Foster"), a former co-defendant, as a witness.  During direct examination, Foster testified that he was contacted by Carpenter and asked to participate in a robbery in Warren, Ohio.  He testified that Carpenter planned the robbery and that Sanders did not want anything to do with the robbery and would not allow the group that committed the robbery to use his van.

That testimony is inconsistent with Special Agent Vicente Ruiz's written summary of an interview with Foster on February 5, 2013.  Special Agent Ruiz's written summary of that interview states that Foster told him, with respect to the Warren, Ohio robbery, that: 1) he believed he was going to Ohio to hang out with friends but, on the way there, Sanders started to reveal his plan to rob a store; and 2) Sanders and Carpenter were in a lookout vehicle during that

robbery.  Thus, he stated during the interview that both Sanders and Carpenter were involved in the Warren, Ohio robbery.

During cross-examination, Counsel for Carpenter "attempted to confront Foster regarding his previous inconsistent statement regarding the planning of the robbery of the Radio Shack in Warren, Ohio.  However, after attempting to refresh Foster's recollection of his previous statement to Agent Ruiz, counsel was only permitted to ask Foster if he previously told the FBI that Timothy Sanders, not Timothy Carpenter, planned the robbery.  Foster, contrary to his previous statement, said he did not."  (Def. Carpenter's Br. at 2).

During his cross-examination, Counsel for Sanders asked Foster several questions about the truthfulness of his trial testimony that Sanders had no involvement with the Ohio robbery, and Foster stated that he was testifying truthfully.

On December 10, 2013, Carpenter filed a "Motion for Mistrial."  (Docket Entry No. 229). Notably, the only relief actually sought in that motion is for the Court to grant a mistrial. Although the motion discusses the standard that applies to motions to sever, Carpenter did not file a motion for severance or request severance in his Motion for Mistrial.

On December 11, 2013, this Court issued an Order (Docket Entry No. 232) that noted that Counsel for Sanders had made an oral motion for severance and an oral motion for a mistrial during trial on December 11, 2013 and ordered:

> Pursuant to this Court's prior order (see Docket Entry No. 220), IT IS ORDERED that counsel for Sanders must submit a written motion and brief in support of both oral motions made before this Court no later than **8:00 p.m. on December 11, 2013.**

(*Id.*) (emphasis in original).

On December 11, 2013, Counsel for Sanders filed a "Joinder In Defendant Carpenter's Motion For Mistrial (Docket # 229)" (Docket Entry No. 233) that states, in its entirety:

> NOW COMES Defendant Timothy Sanders, by and through his attorney, S. Allen Early, and hereby joins in Defendant Carpenter's Motion for mistrial as if made by Defendant Sanders with respect to prejudice to Defendant Sanders. Counsel for Defendant Sanders did orally move for a severance on December 10, 2013, at the time the surprise conflict described in Docket #229 became apparent and now moves for a mistrial. Prejudice inured to Sanders because Carpenter's attorney cross-examined witness Foster about his prior statement where he said Sanders planned the Ohio robbery. This impeachment was necessary by Carpenter's attorney because at trial witness Foster testified that Carpenter planned the Ohio robbery, however, the impeachment prejudiced Defendant Sanders.

(*Id*.).

The Court allowed Defendants to file supplemental briefs or additional motions concerning these issues in an Order issued on December 12, 2013.

Thereafter, Sanders filed a "Motion for Severance And Mistrial" along with a supporting brief. (Docket Entry No. 236). Despite the title of that submission, the body states that Sanders "does not believe that a severance of Carpenter out of this trial at this stage will protect Sanders because the harm has already been done" and therefore he requests that the Court grant a mistrial. (*Id.* at 2).

Sanders filed a supplemental brief in support of his Motion for Mistrial, including additional authority supporting his request for a mistrial. (Docket Entry No. 237).

**ANALYSIS**

"Whether properly articulated as a question of prejudicial joinder requiring severance, or a motion for mistrial resulting from prejudicial joinder," the appropriate determination as to the pending motions is whether Defendant Sanders or Carpenter can demonstrate sufficient prejudice

to warrant a mistrial. *United States v. Anderson*, 353 F.3d 490, 502 (6th Cir. 2003).

Both Defendants assert that the Court should grant a mistrial because, during a very limited[1] portion of the trial, they had conflicting defenses or positions as to a specific witness.

But the case law makes clear that severance is not mandated "whenever codefendants have conflicting defenses." *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Thus, "mutually antagonistic defenses are not prejudicial *per se*" and Fed. R. Crim. P. 14 does not require severance even if some prejudice is shown. *Id*. at 538-39.

"Relief from prejudicial joinder is required 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Anderson, supra* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). The defendant bears the burden of making a "strong showing of factually specific and compelling prejudice resulting from a joint trial." *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990).

Similarly, fairness to the accused is the primary concern in ruling upon a mistrial motion. *United States v. Atisha*, 804 F.2d 920, 925-26 (6th Cir. 1986). A mistrial may be granted where there is a legitimate claim of seriously prejudicial error. *United States v. Moore*, 917 F.2d at 220.

Here, however, neither Defendant Sanders nor Defendant Carpenter have articulated a specific trial right that has been compromised. Nor have they established that anything that has occurred during the course of the joint trial, including the limited conflict in defense strategies, will prevent the jury from making a reliable judgment about guilt or innocence. This is

---

[1]Both Defendants had the same overall theory of defense at trial – that the cooperating co-defendants were falsely implicating them in the robberies in order to obtain favorable treatment.

especially so given that the jury has been instructed to separately consider the evidence as to each defendant. *United States v. Stull*, 743 F.2d 439, 447 (6th Cir. 1984).

Accordingly, the Court shall deny Defendants' motions seeking a mistrial.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motions for Mistrial are DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager