UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

     -v-                              Case No. 12-20218

TIMOTHY IVORY CARPENTER,

                    Defendant./
_____

**SENTENCING**
**BEFORE HON. SEAN F. COX**
United States District Judge
257 U.S. Courthouse
231 West Lafayette Boulevard
Detroit, Michigan 48226

**(Wednesday, April 16, 2014)**

APPEARANCES:          KENNETH R. CHADWELL, ESQUIRE
                      Appearing on behalf of the Government.

                      HAROLD Z. GUREWITZ, ESQUIRE
                      Appearing on behalf of Defendant Timothy
                      Ivory Carpenter.


COURT REPORTER:       MARIE METCALF, CVR, CM
                      Federal Official Court Reporter
                      257 U.S. Courthouse
                      231 W. Lafayette Boulevard
                      Detroit, Michigan 48226
                      metcalf_court@msn.com

1

**TABLE OF CONTENTS**

**Proceedings –** Wednesday, April 16, 2014

*U.S.A. v. Timothy Carpenter*

Detroit, Michigan

Wednesday, April 16, 2014

At 2:12 p.m.

*     *     *

DEPUTY COURT CLERK:  The United States District Court is in session.  The Honorable Sean Cox presiding.  Please be seated.

The Court calls case number 12-20218, United States of America versus Timothy Ivory Carpenter.

Counsel, we need appearances, please.

MR. CHADWELL:  Good afternoon, Your Honor.  Kenneth Chadwell appearing on behalf of the United States.

MR. GUREWITZ:  Good afternoon, Your Honor.  Harold Gurewitz appearing on behalf of Mr. Carpenter.  He is seated to my left in the courtroom.

THE COURT:  Good afternoon.  I've carefully reviewed the presentence report, my notes from the trial, defendant's sentencing memorandum, as well as Pastor Johnson's letter in support of Mr. Carpenter.

On December 18, 2013, the jury convicted Mr. Carpenter of Count One, robbery affecting interstate commerce.  Count Three, robbery affecting interstate commerce.  Count Four, using or carrying a firearm during a federal crime of violence.  Count Seven, a robbery affecting

*U.S.A. v. Timothy Carpenter*

interstate commerce.  Count Eight, using or carrying a firearm during a federal crime of violence.  Count Nine, robbery affecting interstate commerce.  Count Ten, using or carrying a firearm during a federal crime of violence.  Count Eleven, robbery affecting interstate commerce.  Count Twelve, using or carrying a firearm during a federal crime of violence.  Count Thirteen, robbery affecting interstate commerce.  Count Fourteen, using or carrying a firearm during a federal crime of violence.

Now, with respect to the guidelines, which are advisory.  The guidelines with respect to Counts One, Three, Seven, Eight, -- strike that.

The guidelines with respect to Counts One, Three, Seven, Eight, -- strike that.

The guidelines with respect to Counts One, Three, Seven, Nine, Eleven, and Thirteen are 135 to 168 months.  However, after considering the other counts and their convictions, the guidelines are 1,395 to 1,428.

Is that correct, Mr. Chadwell?

MR. CHADWELL:  Yes, Your Honor.

THE COURT:  Mr. Gurewitz, is that correct?

MR. GUREWITZ:  Yes, Your Honor.

THE COURT:  Okay.  All right.  Mr. Gurewitz, have you had the opportunity to review the presentence report with Mr. Carpenter?

4

*U.S.A. v. Timothy Carpenter*

MR. GUREWITZ:  Yes, I have, Your Honor.

THE COURT:  And do you have any objections, additions, corrections, or deletions that you wish to bring to my attention?

MR. GUREWITZ:  I do not have any pending at the present time.  I did provide a letter to the probation department with objections that I had to the report as it was initially submitted, and I believe that all of those objections have been addressed and resolved.

THE COURT:  So we all have the presentence report in front of us?

MR. GUREWITZ:  Yes.  I have no other objections.

THE COURT:  So let me ask the question; with respect to the presentence report that we have in front of us, do you have any objections, additions, corrections, or deletions that you wish to bring to my attention?

MR. GUREWITZ:  No, Your Honor.

THE COURT:  Okay.  Mr. Chadwell, have you had the opportunity to review the presentence report?

MR. CHADWELL:  Yes, I have, Your Honor.

THE COURT:  And do you have any objections, additions, corrections, or deletions that you wish to bring to my attention?

MR. GUREWITZ:  No, I do not.

THE COURT:  Now, Mr. Carpenter, have you had the

*U.S.A. v. Timothy Carpenter*

opportunity to review the presentence report with Mr. Gurewitz?

DEFENDANT CARPENTER:  Yes.

THE COURT:  And do you have any objections, additions, corrections, or deletions that you wish to bring to my attention?

DEFENDANT CARPENTER:  No, sir.

THE COURT:  Pardon me?

DEFENDANT CARPENTER:  No, sir.

THE COURT:  Okay.  Mr. Gurewitz, is there anything you wish to say on behalf of your client before I impose the sentence?

MR. GUREWITZ:  Yes, Your Honor.

Should I approach?

THE COURT:  You're fine where you're at.

MR. GUREWITZ:  Okay.  I have submitted a sentencing memorandum to the Court.

THE COURT:  Which I read.

MR. GUREWITZ:  Which addresses the sentencing factors in 3553(a) and also particularly several reasons which fall into the category of constitutional objections or reasons why the Court should exercise its inherent authority to depart.  While there are mandatory minimum sentences attached to each of the 924(c) counts, the guidelines that apply to the robbery charges under 1951, do produce a

*U.S.A. v. Timothy Carpenter*

guideline range based upon the guidelines that you've just indicated what that is.

It's my position that the Court does have authority with regard to that guideline range to exercise its discretion in deciding what an appropriate outcome could be.

THE COURT:  That would be with respect to the robbery affecting interstate commerce convictions.

MR. GUREWITZ:  Yes.

The circumstances presented is one of which the government has charged 924(c) counts of which there are now five convictions.  The first one provides for a mandatory sentence of five years and each after that 25 years.

The -- it is the prosecutor's authority to decide what charges to bring and the number of them.  The effect of this, however, in this case, from the beginning of the process to the present time, I contend puts the prosecutor in charge of what the outcome will be.  And substantially here, ties the Court's hands at a sentence of at least 105 years.

I think the Court does have some authority to exercise its discretion, because of the impact of those decisions by the prosecutor.

THE COURT:  The only place I can vary would be with respect to the convictions involving the robbery affecting interstate commerce.

MR. GUREWITZ:  Yes, Your Honor.  So I would ask the

*U.S.A. v. Timothy Carpenter*

Court to do that.  I -- clearly, the sentence of 105 years far exceeds Mr. Carpenter's lifetime.  It accomplishes -- by itself or by themselves under those counts every purpose that is intended to be accomplished by the sentencing statutes and all of the law which applies to the reasons for imposition of sentence.

So I would suggest that all that needs to be accomplished can be done by imposition of those sentences, which the Court, I'm sure, as you've said, is required to impose.

The only other comments I have are just one request with regard to Mr. Carpenter's placement.  He has been in custody in the St. Clair County jail, and for a short period of time the Wayne County jail, certainly during the trial.  And since then at the Sanilac County jail.  He has really not been able to have any contact visits with his family.  And it's my understanding that now at Sanilac that even for family members who go to visit at the jail, that the visits are by computer.  There isn't any in-person contact at all.

It's likely that Mr. Carpenter will be designated within the next month to six weeks, whatever the time period is that BOP uses now.  And be off to some other part of the country away from his friends and relatives who might want to see him and who he might want to see, his children particularly.

*U.S.A. v. Timothy Carpenter*

So if it's possible for him to be transferred in some part of that intervening time period to the detention facility at Milan, that would be very much appreciated --

THE COURT:  I'll address it later on with the marshals.

MR. GUREWITZ:  Thank you.  That's really all I have.

THE COURT:  Okay.  Very good.

Mr. Chadwell, is there anything you wish to say on behalf of the government before I impose sentence?

MR. CHADWELL:  Yes, Your Honor.

Partly in response to what Mr. Gurewitz said about the government setting the sentence.  That's not true that the prosecution decides what the sentence is in this case. Congress decided what the sentence would be for someone in Mr. Carpenter's shoes who continuously commits violent crimes with guns.  And that's what he did in this case.

The presentence report reflects someone who, for their entire life, has been high and committing crimes continuously.  At no time did Mr. Carpenter decide to stop committing crimes.  He would have never stopped committing crimes.  He had to be stopped.  He only stopped committing crimes when he was arrested by federal authorities.  And circumstances of this case show he would have gone on and on and on and on and on.

He had no regard for any of the victims that he was

*U.S.A. v. Timothy Carpenter*

perpetrating these crimes against.  Didn't care about their safety.  Didn't care who they were.  Didn't care if they got killed during these crimes.  Didn't care if the people he sent in got killed or killed other people.

All he cared about was himself and getting money to spend on himself, period.  That's what his life has been about.  And what Your Honor should have in mind in sentencing him is that what you're doing is preventing him from victimizing other people, which he certainly would do if he's ever free again on the streets, which hopefully, he will not be.

And secondly, sending a message to this neighborhood that's very well aware, you can see the people in the courtroom who are going to report back what Your Honor did today, send a message to this neighborhood, that if you do these things, you're going to waste your entire life, and that's it.

Thank you, Your Honor.

THE COURT:  Okay.  Mr. Carpenter, you have the right to speak on your own behalf.  Is there anything you wish to say to me before I impose sentence?

DEFENDANT CARPENTER:  Just want to apologize to my family for putting them through this situation.  Apologize to my kids for being absence in their life right now.  I apologize to myself.

10

*U.S.A. v. Timothy Carpenter*

And you know, whatever decision you make, this is what I got to deal with, but I still feel like 1400 months is entirely too long for a person to do in prison.  And I thought this was -- the justice system was all about rehabilitation, and where is the rehabilitation in behalf if I never get a chance to show that I have been rehabilitated.  And you know, just God Bless you.

THE COURT:  All right.  Thank you, Mr. Carpenter.

Mr. Carpenter, on December 18th of last year 2013, the jury found you guilty of Count One, robbery affecting interstate commerce.  Count Three, robbery affecting interstate commerce.  Count Four, using or carrying a firearm during a federal crime of violence.  Count Seven, robbery affecting interstate commerce.  Count Eight, using or carrying a firearm during a federal crime of violence.  Count Nine, robbery affecting interstate commerce.  Count Ten, using or carrying a firearm during a federal crime of violence.  Count Eleven, robbery affecting interstate commerce.  Count Twelve, using or carrying a firearm during a federal crime of violence.  Count Thirteen, robbery affecting interstate commerce, Count Fourteen, using or carrying a firearm during a federal crime of violence.

In a moment I'm going to impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. Section 3553(a).

11

I've considered the nature and circumstances of the offense.  You have been convicted of six counts of robbery affecting interstate commerce.  And five counts of using or carrying a firearm during a federal crime of violence.

Initially, your involvement in these robberies was that as a lookout.  However, as time went on, your role gradually increased to being that of a leader or organizer of these robberies.

Eventually, as we know from the trial, you recruited others to be involved in this gang of individuals who were robbing these cellular telephone stores.  You would select a specific retail store's location and you sold the merchandise acquired from the robberies.  And further, which is significant, you provided the firearms that were used during many of the robberies.

So these convictions, your involvement in these robberies, are very, very, very serious and very, very, very troubling.  Individuals were threatened.  Individuals had guns pointed at them.  Individuals had AK47s pointed at them. They were taken to the back of the store on several occasions.  Arms were pointed at these individuals, innocent people, ordinary people going about their everyday lives, just trying to earn a living.  These people were threatened with violence.  Were put in extreme danger and extreme harm.

Just imagine what those individuals were thinking as

they were taken in the back of the room, where all the good phones were located, where the money was located. Just think -- imagine their trauma, their horror, wondering whether or not they were ever going to see their families again.

As I said in these other sentences, with so many robberies, I'm amazed that no one was actually shot and killed. These robberies were very violent. Real decent people were harmed. These people will never recover from these robberies. They will have nightmares and have had nightmares and these will continue for the rest of their lives. What happened to them didn't end that day that the store was robbed. For many of these individuals it will be with them for the rest of their lives, the horror, the trauma, the wondering whether or not they're ever going to see their families again. So the offenses are very, very, very serious and very, very troubling.

I've considered your history and your characteristics. First of all, your criminal history. You have two prior felony convictions as well as eleven prior misdemeanor convictions and as Mr. Chadwell noted, your first contact with law enforcement was at the age of eleven.

I note that you are 29. Your father was 17 when you were born, 17 or 18. Your mother was 23. You were raised by your mother. You have two paternal half sisters. You have three paternal half siblings. Timothy Sanders who is also

*U.S.A. v. Timothy Carpenter*

29. Asinik (phonetic) Battles is 25. And Timothy Jones, who unfortunately was drawn into these robberies, who is 21.

You have three children. I do note that your mother was addicted to cocaine. You don't have any emotional or mental health issues.

You do have a real substance abuse issue with marijuana since you were ten years old apparently smoking it daily. As well as Ecstasy. I note that you dropped out of high school your freshman year. You don't have any vocational skills or special skills. You do have past employment as a janitor and machine operator.

So I have considered your history and your characteristics. I've considered the need for the sentence imposed to reflect the seriousness of the offense and these offenses are very, very serious offenses.

To promote respect for the law and provide just punishment for these offenses. To afford adequate deterrence criminal conduct. And hopefully what happens here today with your sentence will, as Mr. Chadwell indicates or said, will go out on the street, will be taken back to the neighborhood so that young people will realize what happens to them when they get involved with guns and drugs and violence. That not only will they ruin their lives, they will also ruin the lives of their children, who will grow up without a father. Without guidance, without someone to support them.

14

*U.S.A. v. Timothy Carpenter*

I've considered the need to protect the public from further crimes by you.  To provide you with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

I've considered the kinds of sentences available. With respect to Count One, there's a 20 year maximum.  Count Three, 20 year maximum.  Count Four, a mandatory minimum of five years, however, the sentence is up to life.  Count Seven, 20 year max.  Count Eight, 25 to life.  Count Nine, 20 year max.  Count Ten, 25 to life.  Count 11, 20 years.  Count 12, 25 to life.  Count 13, 20 years.  And Count 14, 25 to life.  And of course the convictions of using or carrying a firearm during a federal crime of violence are consecutive sentences.

So I've considered the kinds of sentences available. The sentencing range.  I've considered the sentences that were afforded to the other co-defendants, so as to avoid sentencing disparities.  However, none of the co-defendants are similarly situated with you in this case.

So I have considered all the factors under 18 U.S.C. Section 3553(a) in imposing the sentence that I'm going to impost upon you right now.

Again, on December 18th, the jury found you guilty with respect to Counts One, Three, Seven, Nine, and Eleven, and Thirteen of the Fourth Superceding Indictment.

15

*U.S.A. v. Timothy Carpenter*

Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines which I've stated on the record, and the factors contained in 18 U.S.C. Section 3553(a), which are also stated on the record, hereby commits you to the custody of the United States Bureau of Prisons for a term of 135 months on each of those counts to run concurrent.

With respect to Count Four of the Fourth Superceding Indictment, again, the jury found you guilty on December 18th, 2013. Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines, which I've stated on the record and the factors contained in 18 U.S.C. Section 3553(a) hereby commits to you to the -- which again, I've all stated on the record -- hereby commits you to the custody of the United States Bureau of Prisons for a term of 60 months, to run concurrent -- strike that. To run consecutive, again, to consecutive to all other counts.

Again, the jury found you guilty on December 18th of 2013 of Count Eight of the Fourth Superceding Indictment. Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines, which I've stated on the record, and the factors contained in 18 U.S.C. Section 3553(a), which I've stated on the record, hereby commits you to the custody of the United States prisons for a term of 300 months to consecutive to all other counts.

*U.S.A. v. Timothy Carpenter*

On December 18th, 2013, the jury found you guilty of Count Ten of the Fourth Superceding Indictment.  Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines which I've stated in the record and the factors contained in 18 U.S.C. Section 3553(a), which I've also stated on the record, hereby commits you to the custody of the United States Bureau of Prisons for a term of 300 months to run consecutive to all other counts.

On December 18th, 2013, the jury found you guilty of Count 12, of the Fourth Superceding Indictment.  Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines, which I've stated in the record, and the factors contained in 18 U.S.C. Section 3553(a) which I've also stated on the record, hereby commits you to the custody of the United States Bureau of Prisons for a term of 300 months to run consecutive to all other counts.

On December 18, 2013, the jury found you guilty of Count 14 of the Fourth Superceding Indictment.  Pursuant to the Sentencing Reform Act of 1984, the Court considering the sentencing guidelines, which I've stated on the record, and the factors contained in 18 U.S.C. Section 3553(a), which I've also stated on the record, hereby commits you to the custody of the United States Bureau of Prisons for a term of 300 months to run consecutive to all other counts.

Upon release from imprisonment, you shall be placed

*U.S.A. v. Timothy Carpenter*

on supervised release for a term of three years on each count to run concurrent.

It is further ordered that you pay a special assessment of $100 on each count for a total of $1,100, which is due immediately.

The Court is waiving the imposition of a fine, the cost of incarceration, and the cost of supervision, due to your lack of financial resources.

Mandatory drug testing is ordered.

While on supervision, you shall abide by the standard conditions as adopted by the United States District Court for the Eastern District of Michigan and shall comply with the following special conditions.

Due to your history of using illegal drugs, substances, the following special condition is ordered.  You shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if you have reverted to the use of drugs or alcohol if necessary.

And that will be the sentence of this Court.

Again, you were involved in six different robberies. Initially, you started as a lookout.  However, later on you became -- your role increased to that of a leader and organizer.  By the third robbery, you were finding firearms, giving firearms to the co-conspirators.  Stealing a car to

*U.S.A. v. Timothy Carpenter*

use as a getaway, and instructing others as to what to do during the course of these robberies.

`By the fourth robbery, you were clearly the leader of the activities.  You selected the location, recruited others and sold the stolen merchandise and shared the proceeds with the other defendants.

Again, these robberies were very, very serious. Innocent people were threatened with their lives.  Firearms were pointed at them.  And on one occasion, one of the co-defendants grabbed an innocent customer by the neck and dragged the customer to the back of the store.

And again, this gang, these robberies that you organized and led resulted in thousands of dollars of merchandise being stolen.  And that's the reason why I gave you the sentence that I gave you.

Obviously, I was following the statutes.  With respect to the charges of using and carrying a firearm during a federal crime of violence, Mr. Gurewitz asked me to vary. I just don't see a justification, any reason why I should vary in this case.

And that will be the sentence of this Court.

Mr. Carpenter, you are entitled to appellate review of this conviction and sentence.  If you wish to appeal this conviction and sentence, you must do so within 14 days.  Did you hear what I just said?

*U.S.A. v. Timothy Carpenter*

DEFENDANT CARPENTER:  Yes, sir.

THE COURT:  And if you cannot afford to hire an attorney to represent you on appeal, you need to file the necessary indigency paperwork immediately with the Clerk of the Court.  Did you hear what I just said?

DEFENDANT CARPENTER:  Yes, sir.

THE COURT:  And if you wish to appeal this conviction and sentence, you need to discuss this issue immediately with Mr. Gurewitz.  Did you hear what I just said?

DEFENDANT CARPENTER:  Yes, sir.

THE COURT:  All right.  Mr. Chadwell, any other sentencing issues?

MR. CHADWELL:  No, Your Honor.

THE COURT:  Mr. Gurewitz, any other sentencing issues?

MR. GUREWITZ:  No, Your Honor.

THE COURT:  Mr. Chadwell, any objection to the sentence?

MR. CHADWELL:  No.

THE COURT:  Mr. Gurewitz?

MR. GUREWITZ:  No, Your Honor.

THE COURT:  All right.  Thank you very much.

DEPUTY COURT CLERK:  All rise.  Court's in recess.

(Court in recess at 2:43 p.m.)

*U.S.A. v. Timothy Carpenter*

\* \* \*

**C E R T I F I C A T I O N**

I, Marie J. Metcalf, Official Court Reporter for the United States District Court, Eastern District of Michigan, Southern Division, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings in the above-entitled cause on the date hereinbefore set forth.

I do further certify that the foregoing transcript has been prepared by me or under my direction.

s\Marie J. Metcalf                              09/11/2014

Marie J. Metcalf, CVR, CM                    (Date)