FILED

DEC 3 1 2025

CLERK'S OFFICE
DETROIT

22

1 of 14

US COA, 6Th Cir.

US, Plaintiff v. Mr. Juston LaBaron Young, Appellant-In Pro Se

Case No. 25-1618 (COA)

12-20218 (Dist Ct)

RE: Responding to the Hon. Dist. Ct's November 24Th, 2025 deadline brief

**NOW COMES** Appellant, Mr. Juston LaBaron Young, in pro se, who respectfully asserts - that the Hon. Dist. Ct. has abused its discretion, for the following reason(s).

The Hon. Dist. Ct. has clearly avoided the essence of the §3582(c)(1)(A) vehicle in this instant matter - which is "compassion." Compassion is defined as follows - Sympathetic feeling: pity, mercy, (The Merriam-Webster Dictionary, Revised Ed. (2022), pg. 148).

Said Appellant has argued issues that could persuade the Hon. Dist. Ct, to handle him-mercifully. Said Appellant respectfully moves this Hon. COA, to please consider the following, thank you immeasurably.

2 of 14

The Hon. Dist Ct, still did not consider that said Appellant's sentence was disparate when it was imposed; FSA (2018) §403(a) merely caused his sentence to become "twice" disparate, (See, Compare to: ECF No. 730, Page I.D. 6707 at C. THREE, arguments concerning the disparity of sentence; §3553(a)(6)).

Said Appellant argued at, (ECF No. 730, Page I.D. 6707 (supra) that the FSA (2018) amended the wording of §924(c) to eliminate the 25 year mandatory minimum stacked sentences, for defendants who (such as said Appellant) had not been convicted previously of violating §924(c), (See, Compare to: Garner, 2024 US Dist LEXIS 159474 (2024) at 2024 US Dist LEXIS 7). This sets forth, that said Appellant has satisfied his burden of manifesting - he should be relieved from the original sentence because it is no longer appropriate, (See, Compare to: Sherwood, 986 F.3d 951, 954 (6th Cir. 2021).

The above mentioned clearly manifest - if said Appellant was compelled to remain fettered to the original sentence that would violate §3553(a) - due to resulting in said Appellant serving a sentence greater than necessary (said Appellant's sentence is already greater by 14 years

3 of 14

than a defendant-federally convicted of murder, (See, Compare to: ECF No. 730, Page I.D. 6702-03 at ( 3553(a) factors, argument concerning sentence greater than neces-sary; Brown, 78 F 4Th 122 at 2023 US App LEXIS 21; Baker, 2020 US Dist LEXIS 145670 at 2020 US Dist LEXIS 7); leaving said Appellant's sentence as currently im- posed would also violate §3553(a)(6) - because that would-advocate for an unwarranted sentence disparity between-said Appellant and "today's" similar-ly situated defendant; said Appellant and offenders who are outside of the race group that said Appellant is categor-ized as-which is substantiated by statistics.

Said Appellant is serving an unusually long 425 month sentence which was, is based on a 25 year statutory mandatory minimum that no longer applies and racial categorization.[A] The Hon. Dist Ct not addressing, considering the ele-ments mentioned above; not addressing, considering that which is favorable toward the §3553(a) factors in the in-stant matter (e.g - the Hon. Dist Ct spends time highlight-

[A] Since Congress has established that the 25 year mandatory minimum is eliminated concerning first time violators of §924(c)-there is no reason to uphold the original sentence herein, which was disparate before FSA(2018) §403(a).

ing the misconducts reports cited against said Appellant while he was housed in the Mich. Dept. of. Corr - but does not address, consider - (1) the Hon. Richard Alan Enslen (E.D. Mich.), has acknowledged that the Mich. Dept. of. Corr has a -10% not guilty, 90% guilty expectation concerning its prisoner disciplinary hearing decisions; there had been misconduct reports cited against said Appellant that was fictionalized, (See: ECF No. 730, Page ID. 6704 at C. ONE - 6705) (2) the misconduct reports that the Hon. Dist. Ct. is adamantly highlighting is the "exact" misconduct reports that was carefully scrutinized by the Mich. Dept. of. Corr Parole Board "before" granting said Appellant the parole that he was not entitled to - which suggest and or authenti- cates that it is determined that those misconduct re- ports do not define said Appellant nor are they a para- mount factor that suggest, authenticate that he should remain incarcerated, (See: ECF No. 730, Page ID. 6705-06 ; ECF No. 730, Page ID. 6714-15, arguments concerning criminality evaluation (Mich. Dept. of. Corr Parole Board); psychological evaluation (Mich. Dept. of. Corr Psych. Dept. whatever etc).

It would be totally understandable if the Hon. Dist. Ct. was highlighting the misconduct reports

cited against said Appellant as evidence to suggest and/or authenticate that he is not-yet fit to be released into society had the Mich. Dept. of. Corr Parole Board deemed those misconduct reports reason to sanction him - with serving time into his maximum sentence until he was found worthy of being granted a parole. Said Appellant's Parole Board conference (being conjunctive to a Psychological evaluation) came to an unanimous positive outtake; said Appellant respectfully asserts - the Hon. Dist. Ct. has not produced, in the least, how it came to an outtake-that contradicts the Mich. Dept. of. Corr's (and Psych. Dept's) decision.     The Hon. Dist. Ct. still does not consider that there is prisoner who has been granted compassionate release after being found guilty of prison rule violations more severe than that cited against said Appellant, (See: ECF. No. 730, Page 5-V. 6705-06, Jimenez authority).

     The provisions set forth in the "parole mechanism" shares analogous compounds with $3582(c)(1)(A), parole is defined as follows:

a conditional release of a prisoner whose sentence has not expired; In criminal law. A conditional

Case 2:12-cr-20218-JJCG-MKM ECF No. 761, PageID.6987 Filed 12/31/25 Page 6 of 22

release; condition being that if prisoner makes good, he will receive an absolute discharge from balance of sentence, but if he does not, he will be returned to serve unexpired time." Release of convict from imprisonment on certain conditions to be observed by him and suspension of sentence, (See: *The Merriam-Webster Dictionary, supra pg. 533; Black's Law Dictionary, Revised Fourth Edition, pg. 1,273*).

The Hon. Dist. Ct. does not consider - that said Appellant being granted a parole communicates - (**A**) the 11 years he served in the Mich. Dept. of Corr was sufficient, but not greater than necessary (**B**) reflects the seriousness of his offense (his offense(s) being the fruit of youthful anti social cognition), (See: ECF No. 730, Page I.D. 6711 at E-6715; ECF No. 730, Page I.D. 6718-19) (**C**) promotes respect for the law and has provided just punishment for his offenses (**D**) said Appellant has been adequately deterred to criminal conduct, too, his having "release plans" and has already gained accomplishments towards his release plan(s), authenticates that he has been adequately deterred to criminal conduct, (See: ECF No. 730, Page I.D. 6748-51).

(**E**) said Appellant being totally invested in his release plan(s) is protection of the public; said Appellant has been imprisoned for the passed-14 years 8 months- which has been sufficient time to protect the public from further crimes of said Appellant (**F**) Said Appellant respectfully asserts - the Hon. Dist. Ct. has only addressed, considered the nature of said Appellant's offense(s) and does not depart from "hypo- thetical" circumstance(s).   The Hon. Dist. Ct. does not consider - at no time did said Appellant assail, harm nor did he en- deavor to make physical contact with who he held at gunpoint; nor would there been fatality caused by said Appellant -who committed his offense(s) with an unloaded firearm, contradicting the statement(s) of the Hon. Lawrence P. Zatkoff, (See: ECF No. 730, Page ID.6703, argued therein).   Concerning the history of said Appellant, the Hon. Dist. Ct. did not address, consider said Appellant's "nonfrivolous" argument nor give explanation as to why it did not, (See, Compare to: ECF No.730, Page ID.6711 at E - 6715, supra; ECF No.730, Page ID.6718-19, supra; 5H1.1 Amend 829(Nov, 2024), argument(s) concerning age and criminal behavior.).

8 of 14

**NOTE**: Said Appellant was 6 months into being 22 years old when he committed these offenses. His age is a mitigating factors in two ways -(1) he was young at the time he committed said offense(s), (2) and he is now in his late 30's making him less likely to reoffend, (Compare to: Martin, 2025 US Dist LEXIS 69378(2025) at 2025 US Dist LEXIS 20).

The Hon. Dist. Ct. spends time addressing, considering who said Appellant might have been at the time of his offense(s) and while housed in the Mich. Dept. of. Corr; but does not address, consider who said Appellant might be today and while housed in its own jurisdiction - almost 4 years out of the Mich. Dept. of. Corr; + 4 years 8 months after his offense(s), (See, Compare to: ECF No. 730, Page ID. 6709, argument concerning "ministrant" duties and work detail; ECF No. 730, Page ID. 6720-27; ECF No. 730, Page ID. 6748-51).

Said Appellant respectfully asserts - The Hon. Dist. Ct. affords admittance to not using an independent analysis of the §3553(a) factors but relies on its predecessor's - the Hon. Lawrence P. Zatkoff's

9 of 14

analysis, which is close to 13 years old, rendering that analysis outmoded, (See: ECF No. 732, PageID.6758).

The §3553(a) factors should be review "anew" due to Congress eliminating the 25 years mandatory minimum sentence for first time violators (such as said Appellant) of §924(c) who are charged with multiple violations in the same indictment, (See, Compare to: In re Lewis, 2023 US App LEXIS 16566 (2023) at 2023 US App LEXIS 9).

Therefore, the 25 years that said Appellant is currently sentenced to serve - is not sufficient but greater than necessary to meet the mandates, standards of §3553(a)(2). Said Appellant respectfully asserts- this manifest that the Hon. Dist. Ct. did not appropriately balance the §3553(a) factors, (See, Compare to: Ruffin, 978 F 3d 1000, 1008 (6Th Cir, 2020)). Also, the Hon. Dist. Ct. eliminating review of §3553(a)(6) in this instant matter highlights too much weight being set upon said other factors, (See, Compare to: Brown, 78 F 4Th 122 (2023) supra, at 2023 US App LEXIS 20).

Extraordinary and Compelling reasons arguments:

10 of 14

There is two distinct features present in this instant matter that can establish extraordinary and compelling reasons for granting said Appellant compassionate release, which is - (1) the sheer and unusual length of said Appellant's sentence and (2) the gross disparity between said Appellant's sentence and the sentences Congress now believes to be an appropriate penalty for said Appellant's conduct, (See, Compare to: Brown, 78 F 4Th 122 (2023) at 2023 US App LEXIS 20-21).

Indeed, "it is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary nor compelling." (United States v. Brown, 2020 US Dist LEXIS 87133, 2020 WL 2091802, at 9 (SD Iowa Apr 29, 2020), (See: Baker, 2020 US Dist LEXIS 145670 at 2020 US Dist LEXIS 7, supra)

Although § 403 of the FSA (2018) is not retroactive, the disparity "created by such a watershed change in sentencing law may constitute an extraordin-

B And disparity of said Appellant's sentence when imposed

11 of 14

ary and compelling reason to allow said Appellant to pass through §3582(c)(1)(A)'s first threshold, (See, Compare to: ECF No. 730, Page ID. 6710 at 10 - 6711).

Said Appellant is currently serving an unusually long sentence which can be an extraordinary and compelling reason for compassionate release; his time served between the Mich. Dept. of. Corr. and the FBOP amounts to 14 years 8 months; the applicable change of §924(c) has resulted in a gross disparity between the sentence he is serving and the sentence he would most likely receive at the time of this filing, (See, Compare to: ECF No. 730, Page ID. 6711 at 11). Said Appellant respectfully moves this Hon. COA to please consider - the time said Appellant served in the Mich. Dept. of. Corr, just as the Hon. Dist. Ct. fervently desires this Hon. COA to consider the misconduct reports cited against said Appellant when he was housed in the Mich. Dept. of. Corr, thank you immeasurably.

Family Circumstance(s) - Said Appellant respectfully

For the purpose of meeting - 1b1.13(6)

12 of 14

moves this Hon. COA to please consider - said Appel-lant's parents submitted - "respective" missives, stat-ing their individual needs concerning his physical pres-ence; albeit said Appellant's Mother is his Father's caregiver - she drives for a living and more often than not on the road - making her not readily accessible to his Father, (See, Compare to: ECF No. 730, Page 5-D.6708 at it).

Said Appellant, respectfully moves this Hon. COA to please consider - this Hon. COA has already validated one of his extraordinary and compelling reasons argu-ments, via granting said Appellant's "petition for filing extension." Said Appellant was compelled to petition for a filing extention due to the excessive lock downs at FCC Hazelton - which are extensive re-salting in impedement of prisoners constitutional right to access the Court(s), (See, Compare to: ECF No. 730, Page 5-D.6710 at 7).

Said Appellant respect-fully moves this Hon. COA to please consider - his being assaulted residuals is the use of medication(s) to combat the trauma sustained; he is waiting to have a "Cat Scan" performed so that he may be made aware of the level of trauma sustained whatever, (See, Compare

to: ECF No. 730, Page ID. 6708 at 2; ECF No. 730, Page ID. 6731; Exhibit A).

Said Appellant has been exposed to a litany of harsh prison conditions, which is not a part of his sentencing agreement nor could the original sentencing court contemplate that he would suffer hardships "intentionally" created by FBOP staff, which has made his incarceration harsher and more punitive than would otherwise have been the case, (See, Compare to: ECF No. 730, Page ID. 6708 supra, at 3-6710 stopping at 9; ECF No. 730, Page ID. 6729-30, evidence of the use of US DOJ prohibited "corporal punishment," which is defined at ECF No. 730, Page ID. 6720 at NOTE; ECF No. 730, Page ID. 6732-47; Exhibit B; C; Brown, 78 F 4Th 122 (2023) at 2023 US App LEXIS 24-25).

In conclusion, said Appellant respectfully moves this Hon. COA to please consider - he is a first time imprisoned individual, whose offense(s), anti social youthful behavior is merely that of the "sheltered"; child who he once was - short lived thrill seeking. He did not have a criminal history before his offense(s) and the instant matter is a subsequent penalty which derives from being federally indicted on his

14 of 14

State offense(s)-8 months after being sentenced to serve 11 years in the Mich. Dept. of. Corr. Said Appellant does not make light of the serious conduct for which he was convicted, he is respectfully moving this Hon. COA to please not ignore the extraordinary fact that he, who was not charged with causing any fatality nor injury - is serving a sentence that is at least 14 years longer than a defendant Federally convicted of murder. Also, for similar conduct today - a defendant could be convicted of 2 more §924(c) violations than said Appellant and receive a sentence shorter than he is currently serving.

Thank you immeasurably.

With respect, Respectfully submitted,

Mr. Juston DeBaroi

Appellant, In Pro Se

⇔47223-039⇔
Mr Juston Young
PO BOX 900
FCI Ray Brook
RAY Brook, NY 12977
United States

Date: Tuesday December 9th, 2025

CC: JLY



Exhibit A

# Bureau of Prisons
## Health Services
## Clinical Encounter

| | | |
|---|---|---|
| Inmate Name:  YOUNG, JUSTON LABARON | | Reg #:   47223-039 |
| Date of Birth:   10/09/1988 | Sex:    M    Race:  BLACK | Facility:  HAF |
| Encounter Date: 03/27/2025 06:46 | Provider:  Bird, Leigh (MOUD-M) PA- | Unit:     M08 |

**Reviewed Health Status:**   Yes

Advanced Practice Provider - Sick Call Note encounter performed at Health Services.

**SUBJECTIVE:**

COMPLAINT  1        Provider:  Bird, Leigh (MOUD-M) PA-C

Chief Complaint:   Headache

Subjective:     Post traumatic headaches after assault.

States that he continues to have significant headaches after his assault 2 months ago.  States that he had a loss of consciousness during the time he believes.  States that he has pain on the Left side of his head and behind his Left eye.  Agreeable to try meds to see if they help. Will also order a CT to assess for any additional abnormalities.

Pain:           Not Applicable

**Allergies:**

| Allergy | Reaction | Comments |
|---|---|---|
| No Known Allergies | | |

Allergies list reviewed/updated for the presence or absence of allergies, sensitivities, and other reactions to drugs, materials, food and environmental factors with the patient on 03/27/2025 06:46 by Bird, Leigh (MOUD-M) PA-C

**ROS:**

**General**

**Constitutional Symptoms**

No: Chills, Fatigue, Fever

**HEENT**

**Head**

Yes: Headaches

**Cardiovascular**

**General**

No: Angina

**Pulmonary**

**Respiratory System**

No: Dyspnea

**GI**

**General**

No: Abdominal Pain or Colic, Constipation, Diarrhea

**GU**

**General**

No: Dysuria

**OBJECTIVE:**

Inmate Name:  YOUNG, JUSTON LABARON                                                    Reg #:  47223-039
Date of Birth:  10/09/1988                        Sex:  M  Race:  BLACK     Facility:  HAF
Encounter Date: 03/27/2025 06:46                  Provider:  Bird, Leigh (MOUD-M) PA-  Unit:  M08

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|------|------|-------|----------|----------|-----------|----------|
| 03/27/2025 | 06:46 HAX | 135/88 | Left Arm | Sitting | Adult-large | Bird, Leigh (MOUD-M) PA-C |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|------|------|----------|-----|----------|
| 03/27/2025 | 06:46 HAX | 98 | Room Air | Bird, Leigh (MOUD-M) PA-C |

**Exam:**

**General**

**Affect**

Yes: Pleasant, Cooperative

**Appearance**

Yes: Appears Well, Alert and Oriented x 3

No: Appears Distressed

**Eyes**

**General**

Yes: PERRLA, Extraocular Movements Intact

**Pulmonary**

**Auscultation**

Yes: Clear to Auscultation

**Cardiovascular**

**Auscultation**

Yes: Regular Rate and Rhythm (RRR), Normal S1 and S2

**ASSESSMENT:**

Headache, unspecified, R519 - Current - *post traumatic*

**PLAN:**

**New Medication Orders:**

| Rx# | Medication | Order Date |
|-----|------------|------------|
| | Propranolol Oral Tablet | 03/27/2025 06:46 |

**Prescriber Order:**    40 mg Orally  -  Two Times a Day x 365 day(s)

Indication:  Headache, unspecified

| | Ibuprofen Tablet | 03/27/2025 06:46 |
|-----|------------|------------|

**Prescriber Order:**    800 mg Orally  -  three times a day PRN x 180 day(s) -- May have 7 days worth per month

Indication:  Headache, unspecified

**New Consultation Requests:**

| Consultation/Procedure | Target Date | Scheduled Target Date | Priority | Translator | Language |
|------------------------|-------------|-----------------------|----------|------------|----------|
| Radiology | 08/01/2025 | 08/01/2025 | Routine | No | |

Subtype:

CT Scan, Offsite

Reason for Request:

70460: CT head with contrast

| Inmate Name: | YOUNG, JUSTON LABARON | | | | Reg #: | 47223-039 |
|---|---|---|---|---|---|---|
| Date of Birth: | 10/09/1988 | Sex: | M   Race:   BLACK | | Facility: | HAF |
| Encounter Date: | 03/27/2025 06:46 | Provider: | Bird, Leigh (MOUD-M) PA- | Unit: | | M08 |

36 yo male inmate that continues to have significant headaches after his assault 2 months ago.  States that he had a loss of consciousness during the time he believes.  States that he has pain on the Left side of his head and behind his Left eye.  Agreeable to try meds to see if they help.  Will also order a CT to assess for any additional abnormalities.

Provisional Diagnosis:

ICD 10-  R519
CPT 70460

. Schedule:

| Activity | Date Scheduled | Scheduled Provider |
|---|---|---|
| Follow-up | 06/05/2025 00:00 | APP 05 |

see if Propranolol has helped with headaches.

**Disposition:**

Follow-up at Sick Call as Needed
Will Be Placed on Callout
Return Immediately if Condition Worsens
Return To Sick Call if Not Improved

**Other:**

Reassured inmate that posttraumatic headaches can take several months to resolve as well.  If sxs worsen- return to HS.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/01/2025 | Counseling | Plan of Care | Bird, Leigh | Verbalizes Understanding |

**Copay Required:** Yes        **Cosign Required:**  No

**Telephone/Verbal Order:**   No

Completed by Bird, Leigh (MOUD-M) PA-C on 04/01/2025 07:02

*Exhibit B*

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Young  Mr. Juston  L**           **47223-039**       **Cell No. 115**     **HAF**
          LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.        SHU  UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**  On Wednes- July 9Th, 2025 I was committed to Administrative Segregation due to an issue from the day before. From that date to -Thrus July 17Th, 2025 I was compelled to occupy a cell (specifically Cell No. 129 R·2) that staff had prior knowledge that the shower therein wasn't serviceable. That night the shower flooded the cell with waste water. When staff became aware of the flood, I was given blankets to remove the spill from the floor. I was denied gloves to protect myself from the bio-waste water; denied cleaning supplies whatever etc. Staff refused to remove the soiled blankets from the cell; denied me a shower; while my time spent in that cell; I was denied fresh clothing; being moved to a cell that wasn't suffering malfunction(s). The waste water didnt recede, drain during my time spent in that cell. I woke up to; went to sleep to the pungent aroma of that waste water which resulted in vomitting the food that I ate; or vomitting while eatting. My appetite altered - I couldn't eat breakfast. I had to force myself to eat lunch, dinner wasn't as bad. I spoke with Psych Mr. Baniac about having an evaluation multiple times; gave him multiple written correspondence regarding what I endured; what I was experiencing-without gain of avail. Because of this cruel; unusual punishment I endured (US Const. 8Th Amend. violation), Im respectfully moving to be monetarily compensated generously in said amount of -$150 million dollars.
  Thank you immeasurably

_Respectfully Submitted,_

**July 21ST, 2025· Mon**
          DATE

*Mr. Juston Young*
          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
          DATE                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                                            CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
          DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                    PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                                        JUNE 2002

*Exhibit C*

BP-A0943   Small Claims for Property Damage or Loss (31 U.S.C. § 3723)

MAR 18

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| 1. Location where the property loss or damage occurred: | 2. Name, address of claimant(Register number, street, city, state, and zip code): |
|---|---|
| FCI Hazelton<br>P.O Box 5000<br>Bruceton Mills, West Virginia 26525 | Mr. Juston LaBaron Young<br>FCI Ray Brook<br>P.O Box 900 ·<br>Ray Brook, New York 12977 |

| 3. Date and Day of Incident: | 4. Time: (A.M. or P.M.): I'm not sure, I |
|---|---|
| On or about -Wednesday July 9th 2025 | was in administrative segregation at this time. |

5. Basis of Claim (State in detail the known facts and circumstances of the damage to, or loss, of privately owned property, identifying persons and property involved, the place of occurrence and the cause thereof)(Use additional pages, if necessary.):

Said Claimant, Mr. Juston LaBaron Young - has been retaliated against by FCC Hazelton Staff, due to his not tolerating being threatened by - C/o Mr. MacDonald + C/o Mr. Pacholke, which is why he will not, has not received, the following items: (1) 55-60 history books ordered by Family (2) 100+ photographs sent by Family. That which he purchased from FCI Hazelton's commissary-(3): Eva Clogs (7-20-22) $9·10; Under Armour Sneakers (7-20-22) $65; Blk Kufi (10-20-22) $5·96; Casio Watch (10-27-22) $57·15; Prayer Rug (8-17-23) $13·59; Prayer Rug (8-30-23) $13·59; Sweat Pants $27·10, Prayer Rug $13·59, Timex Watch 23·95 (9-21-23); Thermal Top (9-29-23) $11·70; JVC Headphones (10-11-23) $11·40; Skull Candy Headphones (1-16-24) $18·20; Sweat Pants (10-24-24) $22·10; Under Armour Sneakers (1-23-25) $65

6. Witnesses (Please provide the name and address (number, street, city, state, and zip code of each witness): N/A

7. Amount of Claim for Damage to, or loss of, privately owned property (in dollars) (Sum Certain Amount - Total Amount Of Claim): Concern said Claimant's books - would be between $1,100 - $1,200 due to his books costing at least $20 ea; Photographs (Priceless); That which said Claimant purchased from FCI Hazelton's commissary - $385·93

Total: $1,585·93

8. MAIL OR DELIVER CLAIM TO THE REGIONAL OFFICE WHERE THE CLAIM OCCURRED

I CERTIFY THAT THE AMOUNT OF THE CLAIM COVERS ONLY DAMAGE TO, OR LOSS OF PRIVATELY OWNED PROPERTY CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 9. Signature of Claimant or Authorized Representative | 10. Date |
|---|---|
| Mr. Juston LaBaron Young | Wednesday November 12th, 2025 |

PDF                    Prescribed by PS 5580

To whom this may concern,

I, said Appellant, Mr. Juston LaBaron Young via this brief correspondence respectfully move this Hon. COA to please consider being the composer of the document "Letter of Recommendation" for the purpose of potentially setting my felon status aside so that I may enlist with the Marine Corps.

NOTE: I mentioned this aspiration in my COA-Oct. 24th, 2025 deadline brief

Thank you immeasurably

With respect,

— Mr. Juston LaBaron Young
Mr. Juston LaBaron Young

*Proof of Service*

*I said Appellant, Mr. Juston LaBaron Young, in pro se, do swear that on this date which is Tuesday December 9th, 2025 that I served my "December 18th, 2025" deadline ((COA) brief" to the below mentioned:*

⇔47223-039⇔
Us Ct App Sixth Cir Ct
100 E 5TH ST
Clerk's Office Room-540
Cincinnati, OH 45202-3988
United States

*and to*

⇔47223-039⇔
Us Dist Ct Sixth Cir
231 W Lafayette BLVD
Clerk's Office Room-564
Detroit, MI 48226
United States

*Respectfully Submitted,*
*Mr. Juston LaBaron Y.*
*Appellant - In Pro Se*

⇔47223-039⇔
Mr Juston Young
PO BOX 900
FCI Ray Brook
RAY Brook, NY 12977
United States

*Date: Tuesday December 9th, 2025*

*CC: JLY*

⇔47223-039⇔
Mr Juston Young
PO BOX 900
FCI Ray Brook
RAY Brook, NY 12977
United States

**U.S. MARSHALS**

**RECEIVED**

DEC 3 1 2025

CLERK'S OFFICE
DETROIT

⇔47223-039⇔
Us Dist Ct Sixth Cir
231 W Lafayette BLVD
Clerk's Office Room-564
Detroit, MI 48226
United States

*Legal Mail*